UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

PACIFIC CAPITAL, L.P.                )
                                     )
v.                                   )        NO. 2:05-CV-103
                                     )
EMERGYSTAT, INC., *ET AL.*           )
                                     )

**O R D E R**

The plaintiff has filed a motion to voluntarily dismiss its complaint pursuant to Rule 41 of the *Fed. R. Civ. P.*, to which one defendant, Craig Panter, objects. [Doc. 28]. In its motion, the plaintiff states that it has chosen not to pursue its claims arising under the RICO Act, which claims are the sole basis for this Court's jurisdiction.

As the plaintiff correctly points out, a dismissal under Rule 41(a)(2) is within the discretion of the trial court. "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice as opposed to facing the mere prospect of a second lawsuit." *Grover v. Eli Lilly & Co.*, 33 F. 3d 716, 718 (6th Cir. 1994). Factors to be considered by the Court in determining whether a defendant might suffer plain legal prejudice are:

> The defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Id.*

Taking these factors into consideration, the Court **FINDS** that the defendant will not suffer plain legal prejudice from the dismissal without prejudice of the plaintiffs' complaint. At this time, the defendant has been required to spend very little time on the case, having only filed a motion to dismiss in response to the complaint. The case has not yet been set for trial, nor does it appear that any discovery has taken place. Likewise, there is no proof that the plaintiff has excessively delayed or lacked diligence in prosecuting this action.[1]

The plaintiff has also provided a sufficient explanation for the need to take a voluntarily dismissal, in that, by abandoning its RICO action, this Court would lack jurisdiction over the case. Finally, no motion for summary judgment has been filed by the defendant. While the defendant has filed a motion to dismiss the claims against him, the Court notes that the defendant's motion to dismiss is of the type to which the plaintiff, in all likelihood, would respond that it needs to take

---

[1] The defendant suggests that the fact that the plaintiff has not yet responded to the defendant's motion to dismiss evidences a lack of diligence in prosecuting this action. However, the plaintiff, quite prudently, has requested that the Court decide its motion to voluntarily dismiss before requiring it to respond to the defendant's motion to dismiss.

discovery before responding.

Accordingly, for the foregoing reasons, it is **ORDERED** that the plaintiff's motion to voluntarily dismiss its complaint is **GRANTED**. [Doc. 28]. The defendant's request that the Court award him attorney's fees is **DENIED**, this case being in its infancy, and the defendant having shown no evidence of prejudice by virtue of the dismissal.

ENTER:

                                                    s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE